IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES HENDERSON,

    Plaintiff,

v.

PETER B. KING, Attorney at Law, S.C.,

    Defendant.

OPINION AND ORDER

14-cv-365-slc

_____

    This is a civil action for actual and statutory damages for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiff James Henderson contends that defendant Peter King violated the Act when he sent a debt collection letter to plaintiff requesting that he pay $75 in attorney fees that were not part of the debt for which plaintiff was responsible. Plaintiff seeks compensatory damages and statutory damages in the maximum allowable amount of $1,000, as well as his attorney's fees.

    Prior to suit, defendant tendered a check to plaintiff for $1,000, representing that it was tendered as payment of the full statutory damage amount and nothing else. Defendant now seeks to dismiss the case for lack of subject matter jurisdiction, insisting that because he has been paid all that he can expect to recover, plaintiff's suit is moot. Plaintiff disagrees, pointing out that defendant never agreed to pay the amount demanded for his attorney's fees, which means that a live controversy remains.

    Plaintiff is correct. As noted below, a defendant cannot avoid a valid claim of attorney's fees by paying only the plaintiff's damages and then arguing that the case is moot. Accordingly, defendant's motion to dismiss the case will be denied.

    In considering a motion to dismiss under Rule 12(b)(1), the district court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor. *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th

Cir. 2001). However, the plaintiff bears the burden of establishing subject-matter jurisdiction. *United Phosphorus Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). A court ruling on a motion to dismiss under Rule 12(b)(1) may rely upon affidavits and other materials supporting its motion. *Id*. *See also Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999) ("[W]here evidence pertinent to subject matter jurisdiction has been submitted . . . the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists.") (internal quotation marks and citation omitted). In this case, both sides have submitted evidence outside the pleadings that appears to be undisputed. (Although plaintiff did not file an affidavit authenticating the documents attached to his brief, I will assume that he could provide proper authentication if necessary.)

Against that backdrop, I consider the following facts solely for the purpose of deciding the instant motion:

FACTS

I. **Allegations of the Complaint**

Plaintiff James Henderson resides in Palmyra, Wisconsin. Defendant Peter King is an attorney practicing law in the state of Wisconsin under the business name Peter B. King, Attorney at Law, S.C.

A principal purpose of defendant's business is the collection of debts allegedly owed to third parties. On or about March 19, 2014, defendant sent plaintiff a letter that purported to attempt to collect a debt that plaintiff owed to Orthopaedic Associates of Wisconsin. According to the letter, plaintiff owed a certain amount to Orthopaedic Associates of Wisconsin, including $75 for attorney's fees. However, the only agreement that plaintiff had with Orthopaedic

Associates regarding attorney's fees was that he would owe reasonable attorney's fees "as the Court deems proper" in the event legal action was required to collect an unpaid balance due for services rendered. At the time defendant sent the letter, no legal action had been taken to collection any unpaid balances and no court had made any determination as to the propriety of the attorney fees.

## II. Matters Outside the Pleadings

On or about April 10, 2014, plaintiff's lawyer, Larry Smith, sent a letter to defendant, advising that Smith had been retained to represent plaintiff. Smith informed defendant that he had violated the FDCPA by falsely representing that plaintiff owed attorney's fees and that plaintiff would file a legal action if the matter could not be resolved informally. Smith demanded that defendant pay $3,450, inclusive of attorney's fees and costs, to resolve the matter.

Defendant responded by letter on or about April 12, 2014. Among other things, defendant asked Smith to explain how he had arrived at a total of $2,450 for attorney's fees (defendant assumed that $1,000 of the demand total was the maximum statutory penalty provided for in the FDCPA). In response, Smith wrote that in addition to the statutory penalty, his client might also be entitled to actual damages. As for attorney's fees, Smith acknowledged that his fees had not yet reached $2,450, but noted the case was not yet resolved and that he anticipated his total fees to increase until the matter was closed. Smith pointed out that he had handled a different matter against defendant in the past that had taken a lot of time and effort to resolve.

Defendant responded on or about April 15, 2014. He indicated that he wanted to "make a settlement as soon as possible with the understanding that I am not admitting any fault in doing so." Defendant stated, however, that he was not agreeing to pay $2,450 above the maximum penalty in light of Smith's admission that it included attorney's fees not yet incurred and the apparent lack of any actual damages. Dkt. 13, exh. 6.

On April 17, 2014, defendant mailed a check for $1,000 to plaintiff's attorneys. Defendant informed plaintiff's attorneys that he was tendering the check not as an offer of settlement but as the maximum amount allowed by the FDCPA for alleged statutory damages on their claim for plaintiff.

It appears that Smith responded, but his response is not in the record. From defendant's response, it appears that Smith did not accept the $1,000 as a full settlement, and told defendant that his earned fees were about $1,700. Dkt. 13, exh. 4. Defendant took issue with that amount, offering to pay $400. Smith did not accept defendant's counteroffer but filed this suit instead. Plaintiff's attorney has not cashed the $1,000 check tendered by defendant.

In response to defendant's requests to admit, plaintiff has admitted that he suffered no actual damages as a result of defendant's alleged FDCPA violation.

OPINION

Defendant argues that because he tendered to plaintiff the full amount of damages he could recover in this suit, this lawsuit is moot. The doctrine of mootness stems from Article III of the United States Constitution, which limits the subject matter jurisdiction of federal courts to live cases or controversies. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 894–95 (7th Cir. 2011) (citing, inter alia, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "The doctrine demands that the

parties to a federal case maintain a personal stake in the outcome at all stages of the litigation." *Damasco*, 662 F.3d at 894–95. "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. ___, ___ 133 S.Ct. 1017, 1023 (2012) (internal quotation marks omitted). "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id*. (internal quotation marks omitted).

Thus, a federal court loses jurisdiction over a case when the defendant offers the plaintiff all the relief that he could obtain at trial because then there is no more relief that the court can provide. *Deposit Guaranty National Bank, Jackson, Mississippi v. Roper*, 445 U.S. 326, 332 (1980) ("Should these substantive claims become moot in the Art. III sense, by settlement of all personal claims for example, the court retains no jurisdiction over the controversy of the individual plaintiffs."); *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) ("[G]iving the plaintiff the equivalent of a default judgment . . . eliminates a legal dispute upon which federal jurisdiction can be based."). Even if the plaintiff rejects the offer, the court of appeals has held that the case is subject to dismissal on mootness grounds. *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994) (plaintiff "may not spurn this offer of all the damages he is owed and proceed to trial"); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.") (internal citation omitted).

Section 1692k(a), the damages provision of the Fair Debt Collection Practices Act, provides in pertinent part:

(a) Amount of damages

5

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>
> > (1) any actual damages sustained by such person as a result of such failure;
> >
> > (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000[1]; or
> >
> > (B) in the case of a class action, (I) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
> >
> > (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

Plaintiff insists that defendant's tender of $1,000 did not offer all that plaintiff could recover because it failed to include any amount for attorney's fees or costs. As plaintiff points out, he initially demanded that defendant pay damages and attorney fees totaling $3,450, which is much more than defendant paid.

Defendant does not dispute that he did not satisfy plaintiff's entire demand. Instead, he argues that any entitlement to attorney's fees dropped out of the picture once defendant tendered the $1,000 for statutory damages. Relying on the statutory language, defendant points out that a plaintiff is entitled to attorney's fees only in the event he brings a "successful action"

---

[1] Generally, courts agree that this $1,000 limitation prevents a plaintiff from recovering more than $1,000 in additional damages per proceeding, no matter how many provisions of the FDCPA a debt collector violated. *Peter v. GC Services L.P.*, 310 F.3d 344, 352 n. 5 (5th Cir. 2002); *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir.1994); *Raimondi v. McAllister & Associates, Inc.*, 50 F.Supp.2d 825, 828 (N.D. Ill. 1999); *White v. Bruck*, 927 F. Supp. 1168, 1169 (W.D. Wis. 1996).

for actual or statutory damages under the FDCPA. In this case, however, says defendant, plaintiff has admitted he has no actual damages. As for statutory damages, defendant maintains that plaintiff has no claim for those either, because defendant already has paid them. As defendant sees it, this is a case solely to recover pre-suit attorney's fees, for which no cause of action lies under the statute.

Defendant's argument is clever but mistaken. "[A] defendant cannot defeat a valid claim of attorneys' fees by making an offer of judgment that covers merely the plaintiff's damages and arguing that therefore the case is moot." *Thorogood v. Sears, Roebuck & Co.*, 595 F.3d 750, 753 (7th Cir. 2010). Although it is true that the recovery of attorney's fees in FDCPA cases is contingent upon the plaintiff actually filing and winning his lawsuit, the question for mootness purposes is whether the plaintiff has been offered all that he could possibly have recovered *if he had gone to trial*. Wright, Abandonment or Settlement, 13B Fed. Prac. & Proc. Juris. § 3533.2 (3d ed.) ("[A]n offer to settle for all the relief the plaintiff might win *by judgment* may moot the action.") (emphasis added).

Had plaintiff simply filed his complaint without first sending a demand letter to defendant, then there would be no question that he could recover his attorney's fees if he won his case, and that any settlement offer that failed to include such fees would not render the case moot. *Compare Queen v. Nationwide Credit, Inc.*, No. 10-CV-1445, 2010 WL 4006676, at *3 (N.D. Ill. Oct. 7, 2010) (offer of judgment that expressly provided that recovery for fees would be limited to those incurred up to date of defendant's offer did not divest court of jurisdiction because offer was for less than full statutory entitlement, which included all fees), *with Murphy v. Equifax Check Servs., Inc.*, 35 F. Supp. 2d 200, 203 (D. Conn. 1999) (plaintiff no longer had personal stake in outcome of action as required to satisfy constitutional case-or-controversy

requirement after plaintiff refused defendant's settlement offer of maximum amount of damages plaintiff was entitled to recover under FDCPA, plus reasonable attorney's fees).  Defendant offers no reason why the analysis should be different simply because plaintiff sought to resolve the matter informally prior to filing suit.  Indeed, adopting defendant's position would effectively force plaintiffs' counsel in FDCPA suits immediately and automatically to file suit and forego even attempting informal resolution, out of fear that the defendant otherwise may defeat an award of attorney's fees simply by "buying off" the plaintiff.  Such a result benefits no one.

Although this lawsuit is not moot, it certainly seems as if it could have been avoided. Plaintiff could have started by presenting a more realistic demand instead of one that put the defendant on the defensive from the get-go by demanding full statutory damages *plus* a significant sum for attorney's fees *that had not yet been incurred*.  Conversely, defendant could have tendered a reasonable counter-offer.  But that's not what happened, so here we are.  It remains to be seen who will bear the costs and in what amount.

ORDER

IT IS ORDERED that defendant's motion to dismiss, dkt. 11, is DENIED.

Entered this 9th day of December, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge